# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-P53-H

**MICHAEL WAYNE GREENWELL, SR.**                                               **PLAINTIFF**

**v.**

**DANNY FACKLER** *et al.*                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Wayne Greenwell, Sr., is a convicted inmate currently incarcerated in the Bullitt County Detention Center (BCDC). He has filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 against Bullitt County Jailer Danny Fackler; Southern Health Partners (SHP); and Unknown BCDC Corrections Officers. He seeks monetary and punitive damages and injunctive relief.

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Plaintiff alleges that he is being denied proper medical treatment for his high blood pressure, heart problems and back injury (which required surgery only 6½ months prior to his incarceration in the BCDC). He claims that he is being prescribed the wrong medication(s) and, at times, not receiving medication at all. He reports that the jail and medical staff will not let

him go to his scheduled appointments with his back specialist. Plaintiff claims that SHP Medical Tech. Donna advised him that "I was not going to the hospital ever for treatment" and that "I will never go to any Doctor's or appointments outside of this Jail," even though Plaintiff offered to pay for the appointments. Plaintiff further claims that jail and medical staff will not provide him with a medical mat for his back but make him sleep on a concrete floor. Plaintiff additionally claims that staff will not permit him to be seen for teeth problems; he reports that his top teeth have been cut out causing him painful and bleeding gums and difficulty chewing his food.

### A. *Medical treatment*

Upon consideration, the Court will allow the Eighth Amendment claims of deliberate indifference to serious medical needs to proceed against Defendants Fackler, SHP, and Unknown BCDC Corrections Officers.

In the body of the complaint, Plaintiff alleges inadequate medical treatment by SHP Medical Techs. Donna and Rosie, but he does not list them in the caption of the complaint or in the parties section of the complaint. The Court, therefore, does not consider Donna and Rosie to be parties to this action. **Should Plaintiff wish to amend the complaint to name them as Defendants, IT IS ORDERED that he is GRANTED leave to do so**, and he must indicate in which capacity he intends to sue them–individual and/or official capacity.

With respect to the Unknown Defendants, the Court notes that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m). Because Plaintiff is proceeding *in forma pauperis*, the Court will count the 120 days from the date of entry of this Memorandum Opinion and Order. Accordingly, **IT IS ORDERED that Plaintiff has 120 days from the date of this Memorandum Opinion and Order within which to move to amend his complaint to name specific Defendants or show good cause for his failure to do so.** Plaintiff is put on notice that his failure to meet the requirements of the federal rules could **result in dismissal** of this action as to the Unknown Defendants.

### B. *Conditions of confinement*

Plaintiff also generally alleges that "inmates" are forced: to sleep in cells where the staff turns the heat off in 13 degree weather outside; to use dirty glasses and utensils that the jail neither picks up for washing nor provides hot water and soap for the inmates to clean themselves; and to be housed in a cell with black mold all over the shower walls and where water does not drain out of the floors.

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The Eighth Amendment requires that prison conditions "must not involve the wanton and unnecessary infliction of pain" or constitute a "serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff, however, does not allege that he himself has been subjected to these conditions and/or that he has suffered any injury as a result. Accordingly, any Eighth Amendment conditions-of-confinement claims will be dismissed without prejudice.

*C. Mail claims*

Plaintiff finally alleges that the "Jail" holds up mail delivery; overcharges for postage; opens outgoing sealed legal mail; and on occasion throws mail away. As with his conditions-of-confinement claims, Plaintiff alleges no instance where *his* mail has been held up, opened, or thrown away. He simply makes broad claims on behalf of all inmates and has alleged no personal harm and, consequently, has set forth no facts demonstrating a cognizable claim. These claims will be dismissed without prejudice.

Although Plaintiff also fails to allege any instance where *he* has been overcharged for postage, the Court will dismiss this claim with prejudice. There is no constitutionally protected interest in buying stamps as cheaply as possible, as 'there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost.'" *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (quoting *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)).

The Court will enter Orders consistent with this Memorandum Opinion and Order.

Date:

cc: Plaintiff, *pro se*
　　　Defendants
　　　Bullitt County Attorney
4412.005